USCA1 Opinion

 

 April 26, 1996 [Not for Publication] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 95-1949 ELIZABETH V. BOGOSIAN, Plaintiff, Appellee, v. JAMES H. WOLOOHOJIAN, ET AL., Defendants, _____________________ WOLOOHOJIAN REALTY CORP., Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ William R. Grimm, with whom Robert M. Duffy and Hinckley, Allen & ________________ _______________ _________________ Snyder, were on brief for appellant. ______ Charles D. Ray, with whom John W. Cannavino and Cummings & ________________ ___________________ ___________ Lockwood, were on brief for appellee. ________ ____________________ ____________________ Per Curiam. This litigation has already used up an Per Curiam. __________ enormous amount of legal talent and judicial resources over its seven-year life. The ultimate issue is simply the value of a minority shareholder's stake in a closely held corporation. Yet, the dispute has resulted so far in more than 250 entries on the district court docket and four district court orders published in the Federal Supplement. This is the third occasion on which the numerous protagonists of this legal war have brought appeals before us; none of the appeals concern the principal issue in the litigation. From all we can tell, the end is not yet in sight. Now two district court judges have entered what appear to be conflicting orders affecting interim payments due to the appellee. Orders by a third district judge and a magistrate judge also implicate those payments, and a bevy of lawyers, for themselves and for their clients, have asserted claims and liens against the same funds. The issues presented in this appeal could have been resolved without our intervention if the parties were disposed to manage this litigation with a view toward resolving issues instead of proliferating them. In any case, there are before us for review two different orders of the district court entered on two different dates. The first is the July 26, 1995, order denying a motion by Woloohijian Realty Corporation ("WRC") to -2- 2 modify the July 13, 1990, order directing WRC to make monthly payments to Bogosian. The second is the August 8, 1995, order releasing funds to Bogosian that had been held in an escrow account pursuant to a June 8, 1993, order of the magistrate judge. We treat the two orders separately for reasons that will become apparent. 1. There is no apparent jurisdictional basis for immediate appeal of the August 8 order. This order, so far as it is contested on appeal, merely released to Bogosian funds held under an escrow established at the direction of the magistrate judge and held explicitly subject to the control of the court. The district court ruled (1) that the magistrate judge lacked authority to order these funds placed in escrow and (2) even if that course had been permissible, the funds should now be disbursed from escrow to Bogosian. Contrary to appellants' assumption, this order is not in form an injunction immediately appealable under 28 U.S.C. 1292(a)(1). Sometimes orders not designated as injunctions are so treated where irreparable injury is threatened, Carson v. American Brands, 450 U.S. 79, 84 ______ ________________ (1981), but here there is also no showing of irreparable injury. The court's disposition of funds within its own control does not create any danger that appellants will be held in contempt by another judge; nor is it apparent that -3- 3 this single transfer of funds to Bogosian will subject appellants to the potential for excessive liability. 2. The July 26 order refusing to modify the earlier injunction stands on a different footing. Appellants had urged its modification, arguing that the injunction (directing them to make payments monthly to Bogosian) clashed with a later directive of another judge of the same court directing appellants to withhold the monthly payments from Bogosian pursuant to an attachment order in favor of other creditors.1 The refusal to modify an injunction is ordinarily appealable at once. Section 1292(a)(1). The district court based its July 26 refusal to modify on the ground that appellants would not be held in contempt for distributing funds in the court's "custody." Rhode Island law is unsettled as to the scope of the in __ custodia legis doctrine. While we agree that this reasoning ______________ would likely apply to the escrowed funds, it is at best debatable whether in the present circumstances unearmarked funds held by appellants would meet this description; and assuming that appellants are under a conflicting order not to pay those funds to Bogosian, we think that the district  ____________________ 1. We have assumed this conflict arguendo because it is ________ asserted by appellants and not directly disputed by the district court, the appellee or the record materials before us. But we note that the record before us is not complete and are not ourselves ruling that the conflict exists. -4- 4 court's reasoning does not explain away the apparent threat to appellants. 3. In remanding for further consideration, we think it important to emphasize that there are serious problems of both appearance and fairness when a litigant seems to be subject to conflicting directives from two judges of the same court. However tangled and vexatious the litigation may be, this apparent conflict needs to be resolved, either by establishing that the judicial orders do not conflict, or by harmonizing the appellants' obligations to the several claimants to the funds. One solution might be for the court to act promptly on the long-pending interpleader action by which appellants have sought to reconcile the alleged conflict. Alternatively, it might be possible to consolidate these actions before a single judge so that he or she can make a binding determination as to the scope of the appellants' interim obligations. Whatever course the district court adopts, we think this aspect of the matter does need careful but prompt attention. The appeal from the August 4, 1995, order of the district court is dismissed. The July 26, 1995, order of the _________ district court is vacated, and that matter is remanded for _______ ________ further proceedings consistent with this order. It is so ordered. It is so ordered ________________ -5- 5